Filed 8/16/16  Scheiber v. Shoe Palace CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JUSTIN SCHEIBER, | H041495 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 113CV254589) |
| v. | |
| SHOE PALACE CORPORATION, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Plaintiff Justin Scheiber filed a complaint against his former employer, defendant Shoe Palace Corporation, for failure to pay all wages owed among other claims.  Plaintiff brought the claims in his individual capacity and also on behalf of a class of current and former employees.  He also alleged a representative claim under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.).

Defendant filed a motion to dismiss or, in the alternative, to stay proceedings and compel arbitration.  The trial court granted in part the motion to compel arbitration.  The court determined that plaintiff had waived his class claims, that his individual claims had to be arbitrated, and that his representative PAGA claim would be litigated in court.  The court ordered the arbitration of plaintiff's individual claims to be stayed pending litigation of the PAGA claim in court.

On appeal, defendant contends that the trial court erred by staying the arbitration of plaintiff's individual claims and allowing plaintiff's representative PAGA claim to proceed in court first. Defendant argues that the arbitration of the individual claims should take place before the court proceedings on the PAGA claim. In response, plaintiff contends that the appeal is moot because he has dismissed all of his individual claims and only the PAGA claim remains and, in any event, the appeal lacks merit.

For the reasons stated below, we determine that the appeal is moot. Accordingly, we will dismiss the appeal without reaching the merits.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Complaint*

In October 2013, plaintiff filed a complaint alleging that defendant violated the Labor Code by failing to pay all amounts owed and by failing to provide accurate wage statements. Plaintiff alleged six causes of action: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal breaks or pay meal period premiums; (4) failure to provide accurate wage statements; (5) unfair business practices (Bus. & Prof. Code, § 17200 et seq.) based on the failure to pay all wages owed, provide meal breaks, and provide proper and accurate wage statements; and (6) civil penalties under PAGA. Plaintiff alleged the first five causes of action in his individual capacity and on behalf of a class of current and former employees, and he alleged the sixth cause of action under PAGA in a representative capacity.

### B. *The Motion to Compel Arbitration*

In May 2014, defendant filed a motion to dismiss or, in the alternative, to stay proceedings and compel arbitration. In the motion, defendant contended that it had instituted an "Employee Dispute Resolution Plan" (EDR) in July 2013, requiring the arbitration of any employment disputes. According to defendant, plaintiff agreed to be bound by the EDR, the EDR covered plaintiff's claims, and the EDR required plaintiff's claims to be arbitrated only as individual claims, and not as class or representative claims.

2

Defendant also argued that the EDR required the proceedings to be governed by the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.), and that the EDR prohibition on class or representative claims was enforceable under the FAA. Defendant requested that plaintiff's civil complaint be dismissed and that arbitration be compelled on an individual basis or, in the alternative, that the court proceedings be stayed while plaintiff's claims were arbitrated.

In support of the motion, defendant provided a declaration from its director of retail operations. The director of retail operations stated that defendant had operations in several states and was engaged in interstate commerce, that plaintiff had been employed by defendant from March to September 2013, and that plaintiff had signed an agreement that any employment-related legal dispute would be resolved exclusively through the EDR. Attached to the declaration was a copy of the EDR and plaintiff's written agreement to be bound by the EDR.

### C. *Opposition to the Motion to Compel Arbitration*

In opposition, plaintiff contended that the EDR was unenforceable because it was unconscionable, among other reasons. He also argued that his Labor Code class claims and his PAGA claim were not arbitrable, and that the FAA did not apply.

### D. *Reply in Support of the Motion to Compel Arbitration*

In reply, defendant continued to contend that the EDR was enforceable, that it applied to all of plaintiff's claims, and that the FAA governed the proceedings.

### E. *The Trial Court's Order*

The hearing on defendant's motion was held on July 25, 2014.[1] After the hearing and that same day, the trial court issued an order granting in part defendant's motion. The court determined that plaintiff had agreed to the EDR, that the EDR contained an

---

[1] The record on appeal does not include a reporter's transcript for the hearing.

3

arbitration agreement covering plaintiff's claims, and that the FAA applied. Regarding the waiver in the EDR of plaintiff's right to pursue a class or representative action in court or in arbitration, the court found that the class waiver was valid, but that the waiver of a representative PAGA action was unenforceable based on *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*). The court concluded that plaintiff's PAGA claim "would remain in court" and his "individual claims would proceed to arbitration."

Regarding which matter would proceed first – the individual Labor Code claims in arbitration or the PAGA claim in court – the trial court observed that "*Iskanian* left open for remand various questions on how to deal with a case where individual damages claims must be arbitrated, but PAGA waivers are found to be unenforceable." One of the questions left open in *Iskanian* was whether the arbitration of the individual claims should be stayed pursuant to Code of Civil Procedure section 1281.2[2] while the representative PAGA claim is litigated in court. Based on section 1281.2, the court in the instant case "exercise[d] its discretion to stay the arbitration of Plaintiff's individual claims pending litigation of the PAGA claim." The court accordingly granted in part defendant's motion to compel arbitration as to plaintiff's individual claims but stayed the arbitration pending court litigation of plaintiff's PAGA claim.

Defendant filed a notice of appeal regarding the July 25, 2014 order.[3]

---

[2] Code of Civil Procedure section 1281.2 provides in part: "If the court determines that there are other issues between the petitioner and the respondent which are not subject to arbitration and which are the subject of a pending action or special proceeding between the petitioner and the respondent and that a determination of such issues may make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies."

[3] Code of Civil Procedure section 1294, subdivision (a) provides that a party may appeal from an order *denying* a petition to compel arbitration. However, when a court stays an arbitration proceeding pending resolution of court litigation, the court's order "in (continued)

## III. DISCUSSION

Defendant contends that the trial court erred by staying the arbitration and allowing the PAGA claim to proceed in court first. Defendant argues that the parties' agreement provides that the FAA applies rather than the California Arbitration Act (CAA; Code Civ. Proc., § 1280 et seq.), and that under the FAA, the court lacked the discretion to stay the arbitration. Defendant contends that the arbitration should proceed first while the court proceedings are stayed. Defendant further argues that, even if the CAA applies, the arbitration should take place before court proceedings on the PAGA claim.

Plaintiff contends that defendant's appeal is moot because he has dismissed his individual Labor Code claims, which the trial court ordered to arbitration and then immediately stayed, and the only remaining claim in the action is the PAGA claim. Plaintiff further argues that, assuming the appeal is not moot, the FAA does not apply to his PAGA claim, and the trial court properly exercised its discretion to stay the arbitration of his individual Labor Code claims under Code of Civil Procedure section 1281.2, subdivision (c).

In reply, defendant contends that any dismissal of plaintiff's claims by the trial court is in violation of the automatic stay that was in place upon the filing of defendant's appeal.

We first consider the issue of mootness because we find it dispositive. To determine whether the appeal is moot, we apply well established rules. The duty of the

---

effect" denies the petition to compel arbitration and the order has been treated as an appealable order. (*Energy Group v. Liddington* (1987) 192 Cal.App.3d 1520, 1525, fn. 7; see *id.* at pp. 1524-1525, 1528-1529 [no meaningful distinction exists between denying a petition to compel arbitration and staying the arbitration pending resolution of the litigation], disapproved on other grounds in *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 393, fn. 8; *Sanders v. Kinko's, Inc.* (2002) 99 Cal.App.4th 1106, 1109-1110.)

court " ' "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' [Citation.]" (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541.) "A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief. [Citation.]' [Citation.] 'When no effective relief can be granted, an appeal is moot and will be dismissed.' [Citations.]" (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214 (*MHC Operating Limited Partnership*).)

Generally, "an appellate court will consider only matters which were part of the record at the time the judgment was entered. [Citation.]" (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) However, "courts have not hesitated to consider postjudgment events . . . when subsequent events have caused issues to become moot [citation]." (*Ibid.*) In this case, we gave the parties notice that we proposed to take judicial notice of the following: (1) plaintiff's request for dismissal, dated August 28, 2015, in the trial court requesting dismissal of the first through fifth causes of action of the complaint without prejudice; (2) the trial court's entry of dismissal on August 28, 2015, as requested, and (3) the trial court's August 28, 2015 proof of service indicating that plaintiff and defendant were electronically served with the dismissal. (Evid. Code, §§ 459, 455.) We now take judicial notice of these records. (*Id.*, § 452, subd. (d).)

In supplemental briefing, defendant continues to argue that the trial court was without jurisdiction to act on plaintiff's request for dismissal because the proceedings were stayed in the trial court upon the filing of defendant's notice of appeal. In his own supplemental brief, plaintiff states that the individual, non-PAGA claims have been dismissed and that, "even if for some reason the non-PAGA claims have not yet been dismissed, they will be dismissed before they are ever arbitrated."

6

We determine that the appeal is moot. Regardless of whether the trial court had jurisdiction to dismiss plaintiff's individual claims while the appeal was pending, in view of (a) plaintiff's conduct in the trial court in actually seeking dismissal of those claims and (b) plaintiff's representation to this court that if the claims have not been dismissed he will dismiss those claims "before they are ever arbitrated," plaintiff has clearly abandoned those individual claims. Therefore, the only claim at issue in the litigation is the PAGA claim. Defendant's appeal, however, is limited to challenging the trial court's decision to stay the arbitration of the individual claims. Under the circumstances, an opinion by this court regarding the propriety of the trial court staying an arbitration of the individual claims " 'can have no practical impact or provide the parties effectual relief' " as those claims have been abandoned by the plaintiff. (*MHC Operating Limited Partnership*, *supra*, 106 Cal.App.4th at p. 214.) We will accordingly dismiss the appeal as moot. To the extent the parties continue to dispute below whether the individual claims were properly dismissed while the appeal was pending, the trial court will undisputedly have jurisdiction to consider a request for dismissal of claims upon issuance of the remittitur.

## IV.  DISPOSITION

The appeal is dismissed as moot. The parties shall bear their own costs on appeal.

7

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:


_____
ELIA, ACTING P.J.


_____
MIHARA, J.